# STATE OF MICHIGAN

# COURT OF APPEALS

VANCE PETRETIS,

      Plaintiff-Appellee,

v

WEST SHORE HEALTHCARE CENTER,

      Defendant-Appellant.

UNPUBLISHED
June 12, 2018

No. 337641
Manistee Circuit Court
LC No. 15-015511-NH

Before: O'BRIEN, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying its motion for summary disposition under MCR 2.116(C)(10) in this medical malpractice case. We reverse and remand for entry of an order granting defendant's motion.

This case arises from complications plaintiff experienced after a computed tomography angiography (CTA) was performed when plaintiff sought treatment for complications from a possible spider bite on his right thumb. The parties agree that during the CTA, some of the contrast material "extravasated," or escaped from plaintiff's vein into his soft tissue. After the extravasation occurred, plaintiff developed compartment syndrome and had to have emergency surgery. Plaintiff alleges that Donald Miller, the radiology technologist who performed his CTA, breached the standard of care by allowing so much contrast material to extravasate, and that his breach caused plaintiff's compartment syndrome and other serious injuries. Plaintiff avers that "[i]schemic damage was done to the tissue, vascular system, and nerve structures" of his left arm in connection with the CTA, and that defendant's actions led to delay of treatment for the original injury to his right thumb, resulting in partial amputation.

During the discovery period, plaintiff's sole expert was Darlene Perelka, a radiology technologist. Perelka testified that extravasation to the degree experienced by plaintiff does not occur in the absence of a breach, but that extravasation can occur even when the standard of care

---

[1] *Petretis v West Shore Med Ctr*, unpublished order of the Court of Appeals, entered June 1, 2017 (Docket No. 337641).

is not breached. However, Perelka also testified that she was not qualified to give an opinion regarding causation, and that a physician would need to testify about that issue.

Defendant moved for summary disposition under MCR 2.116(C)(10). Defendant argued that plaintiff failed to present evidence that Miller breached the standard of care and failed to present expert testimony regarding causation. Defendant further argued that, even if Miller breached the standard of care, Perelka's testimony was not sufficient to establish causation.

Plaintiff responded that his medical records indicated that the compartment syndrome he developed was from an "extravasation type injury" and cited testimony from Perelka that, if Miller had followed the standard of care, less contrast material would have extravasated. Plaintiff did not include any other testimony regarding whether a breach of the standard of care was the "but for" cause of his injury. Plaintiff also argued that it was "safe to assume" that Dr. Mark Leslie, who performed an "incision and fasciotomy" of plaintiff's arm because of "[a]cute compartment syndrome of the left hand and forearm from extravasation type injury," would testify that the extravasation and the compartment syndrome were related. Plaintiff based this argument on his medical records and an assumption that if Leslie was planning to testify otherwise, he would have mentioned that in an affidavit submitted with defendant's motion. In the affidavit Leslie stated that there was "no basis" to believe that the partial amputation of plaintiff's thumb was connected to the CTA procedure. The affidavit focused on the amputation. The only mention of compartment syndrome was a statement that compartment syndrome is "a known complication of the CTA procedure."

The trial court denied defendant's motion, holding that Perelka's testimony was sufficient to create genuine issues of material fact about whether defendant breached the standard of care and whether that breach was the "but for" cause of plaintiff's injuries.

On appeal, defendant argues that plaintiff failed to present sufficient evidence establishing the existence of a material factual dispute regarding the causation element of his medical malpractice claim. We agree.

We review de novo a lower court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. at 362-363. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

In a medical malpractice action, the "plaintiff bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury." *Wischmeyer v Schanz*, 449

Mich 469, 484; 536 NW2d 760 (1995). "Failure to prove any one of these elements is fatal" to a plaintiff's case. *Id.*

To establish proximate causation, the plaintiff must show both cause in fact and legal cause. *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). To establish "cause in fact," a plaintiff must produce "substantial" evidence showing that injury would not have occurred "but for" the defendant's actions. *Skinner v Square D Co*, 445 Mich 153, 163-165; 516 NW2d 475 (1994). To establish "legal cause," or "proximate cause," we examine whether the consequences of the action were foreseeable and whether "defendant should be held legally responsible for those consequences." *Id*. at 163.

In the context of medical malpractice, a plaintiff must prove that the defendant's actions "more probably than not" were the proximate cause of his or her injury. MCL 600.2912a(2). Connection between the defendant's conduct and the plaintiff's injury must be more than speculative in order to show causation. *Craig*, 471 Mich at 93. Additionally, expert testimony is required to show causation in a medical malpractice case. *Teal v Prasad*, 283 Mich App 384, 394; 772 NW2d 57 (2009). This Court has held that summary disposition was properly granted when deposition testimony of the plaintiff's sole expert witness "failed to establish the requisite causal link" between the plaintiff's injury and the defendant's conduct. *Dykes v William Beaumont Hosp*, 246 Mich App 471, 478; 633 NW2d 440 (2001).

In this case, there is no testimony from an expert that plaintiff's compartment syndrome would not have occurred "but for" Miller's alleged breach of the standard of care. Perelka is plaintiff's sole expert witness. She testified that the degree of extravasation that plaintiff experienced would not have occurred if Miller had not breached the standard of care. However, Perelka also testified that extravasation can occur even in the absence of a breach of the standard of care. Perelka further testified that she was not qualified to give an opinion regarding causation. At most, Perelka's testimony is that "but for" Miller's breach of the standard of care, there would have been less extravasation, not that compartment syndrome would not have developed.

It is true that plaintiff has multiple doctors on his witness list who were involved in his treatment. However, plaintiff has failed to provide any affidavits or testimony from these doctors about what their testimony would be at trial. The only evidence in the record to indicate causation comes from plaintiff's medical records, noting that plaintiff's diagnosis was "[a]cute compartment syndrome of the left hand and forearm from extravasation type injury." However, Leslie's affidavit also states that compartment syndrome is a "known complication of the CTA procedure."

Plaintiff refers to Leslie's affidavit in support of his position. Plaintiff asserts that it is "safe to assume" that Leslie would testify that the extravasation and emergency surgery were related. Plaintiff argues that if Leslie planned to testify otherwise, he would have said so in his affidavit. However, our Supreme Court has expressly disavowed the tenet that a "mere possibility" of the presentation of evidence at trial is sufficient to survive a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). In *Maiden*, our Supreme Court specifically held that "[a] litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10)." *Id*. Once defendant met its

burden under MCR 2.116(C)(10) by demonstrating that plaintiff's evidence was insufficient to establish causation, an essential element of his claim, it was incumbent on plaintiff to present documentary evidence establishing the existence of a material factual dispute on the issue of causation to avoid summary disposition. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016), quoting *Quinto*, 451 Mich at 362-363. Moreover, even if Leslie would testify that the compartment syndrome was related to the extravasation, plaintiff has provided no "specific facts" to show that compartment syndrome would not have developed "but for" defendant's negligence. See *id*. at 362.

In summary, plaintiff failed to present sufficient evidence to establish that a material factual dispute existed on the issue of causation, i.e., his injuries would not have occurred "but for" defendant's negligence. The mere possibility that testimony at trial may establish causation is insufficient. See *Maiden*, 461 Mich at 121. Accordingly, defendant's motion for summary disposition should have been granted.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens

-4-